# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-513V
(Unpublished)

| | | |
|---|---|---|
| TERESA COCHRAN, | * | Special Master Katherine E. Oler |
| Petitioner, | * | |
| v. | * | Filed: January 4, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act. |
| Respondent. | * | |

*Andrew Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner
*Christine Becer*, U.S. Department of Justice, Washington, DC, for Respondent

### DECISION DISMISSING PETITION[1]

**I.    Procedural History**

On April 28, 2019, Teresa Cochran ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she had an adverse reaction to the influenza ("flu") vaccination she received on November 2, 2016. Pet. at 1, ECF No. 1. Petitioner filed a statement of completion on May 10, 2019. ECF No. 8.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On May 26, 2020, Respondent filed a Rule 4(c) Report stating that this case is not appropriate for compensation pursuant to the Vaccine Act. Resp't's Rep. at 2, ECF No. 18. More specifically, Respondent stated that

> In this case, the medical records alone fail to provide preponderant proof of a vaccine injury. Petitioner did not have any pathology that could be consistent with an adverse reaction to the flu vaccine. Her allergies and hair loss were pre-existing problems. Her general complaints of tachycardia and numbness and tingling were associated with anxiety issues. Her only "new" diagnosis, asthma, was made on March 30, 2017, four months after her vaccination. None of petitioner's medical providers attributed her complaints to the flu vaccine, and no expert opinion has been provided establishing causation between petitioner's flu vaccination and her complaints of an alleged vaccine reaction.

*Id.* at 5-6.

On July 31, 2020, Petitioner filed an expert report written by Dr. David Axelrod. Ex. 16. On November 13, 2020, Respondent filed an expert report written by Dr. Stephen Dreskin. Ex. A. On June 16, 2021, Petitioner filed a supplemental expert report from Dr. Axelrod. Ex. 20. On September 30, 2021, Respondent filed a responsive expert report from Dr. Dreskin. Ex. W.

On October 8, 2021, I held a status conference with the parties to ask the parties if an onset determination would be dispositive. Scheduling Order dated 10/8/2021, ECF No. 35. I informed Petitioner's counsel that I believed Petitioner developed urticaria more than 70 days post-vaccination. *See id.* I granted Petitioner 14 days to file a status report indicating how she would like to proceed.

On November 16, 2021, Petitioner filed a motion for an extension to file a status report on how to proceed. ECF No. 40. I granted Petitioner's motion the same day. *See* non-PDF Order dated 11/16/2021.

Petitioner filed the instant motion to dismiss her claim on January 4, 2022, stating "An investigation of the facts and science supporting her case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." Pet'r's Mot. at 1, ECF No. 41. Respondent does not oppose this motion but does reserve the right to question the good faith and reasonable basis of Petitioner's claim and to oppose her application for costs. *See id.* at 1-2.

II.     **Conclusion**

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden

of proof. Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed. § 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioner's motion for a decision dismissing her petition is **GRANTED** and the petition is hereby **DISMISSED. The Clerk shall enter judgment accordingly.**

Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master
